# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2022

Lyle W. Cayce
Clerk

No. 21-50418
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Sochil Venssbeh Najeras,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-342-2

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Sochil Venssbeh Najeras was convicted following a jury trial of conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) & (B)(i). Najeras was sentenced to a within-guidelines sentence of 16 months of imprisonment and three years of supervised release.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50418

Najeras contends that her top of the guidelines sentence is substantively unreasonable because it fails to account for "her extraordinary personal history of family murder, flight, and the threat of additional violence against her brother by her father."

Najeras does not dispute that her 16-month sentence was imposed within a properly calculated guidelines range. Najeras fails to show that her sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Her argument, which amounts to a mere disagreement with the applicable guidelines range and the sentence imposed, is insufficient to demonstrate that her 16-month sentence is substantively unreasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Accordingly, she has failed to rebut the presumption of reasonableness accorded her within-guidelines sentence, *see Cooks*, 589 F.3d at 186, and therefore has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence, *see Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.